IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
CIVIL ACTION NO. 2:25-CV-497

**PROMIER PRODUCTS INC**.,
Plaintiff,
v.
**GEAROZ, ET AL**.,
Defendants.

_____/

### EMERGENCY MOTION TO MODIFY TEMPORARY RESTRAINING ORDER

Defendants Ewenele, OLDBER Prime Goods, TrixHub, Uhanciny, Minsk, SIUYIU-US, and PHLIPESAM (collectively, the "Moving Defendants"), by and through their undersigned counsel, respectfully request that this Court modify the Temporary Restraining Order (TRO) [DE 17] issued against their respective businesses. The Moving Defendants adopt and incorporate the arguments made by the Ningbo Defendants in their Emergency Motion to Modify Temporary Restraining Order [DE 36], as the Moving Defendants are similarly situated and face the same disproportionate economic harm caused by the TRO's overly broad scope. The TRO, which includes a Removal Request requiring Amazon to delist products and sequester inventory, does not maintain the status quo but instead inflicts immediate and ongoing financial damage, even before proper service, and will continue to do so during the pendency of Plaintiff's motion for a preliminary injunction.

### I. BACKGROUND AND PROCEDURAL HISTORY

1. On April 15, 2025, Plaintiff Promier Products Inc. filed this lawsuit under seal against 153 defendants, including the Moving Defendants, alleging false advertising under 15 U.S.C. §

1125(a) and unfair competition under Pennsylvania common law [DE 1]. Plaintiff claimed that Defendants falsely advertised the lumen output of their flashlights on Amazon.com [DE 1, ¶¶ 31-39].

2. On the same date, Plaintiff filed an *ex parte* motion for a TRO, which included a Removal Request ordering online marketplaces like Amazon to "immediately cease fulfillment of and sequester Defendants' inventory assets" and to "suspend, block, tombstone, and/or delete any product listings identified by the Plaintiff as setting forth literally false material claim" [DE 36 at 2].

3. The Court granted the TRO on May 8, 2025, and as a result, Amazon removed the Moving Defendants' products and shut down their storefronts, depriving them of all sales revenue, including from listings unrelated to this lawsuit.

4. The Moving Defendants received summons via email on May 20, 2025.

5. On May 27, 2025, the Ningbo Defendants filed an Emergency Motion to Modify the TRO [DE 36], arguing that the Removal Request is not narrowly tailored, causes irreparable economic harm, and fails to maintain the status quo. The Moving Defendants, who also operate Amazon storefronts as their primary means of U.S. sales, face identical issues.

6. Like the Ningbo Defendants, the Moving Defendants have suffered significant economic loss since the TRO's imposition. Their combined weekly sales prior to the TRO were approximately $30,000, but the TRO has eliminated all revenue, damaging their business operations and reputation for selling high-quality flashlights.

## II. LEGAL STANDARD

Courts have broad discretion to grant injunctions to prevent violations of false advertising under 15 U.S.C. § 1116, but such relief must adhere to principles of equity and be narrowly tailored. *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3d Cir. 2020). The Third Circuit requires courts to order "the narrowest remedy possible" to address misleading advertising, avoiding overly broad injunctions that prohibit sales irrespective of the false statement. *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharmaceuticals Co.*, 290 F.3d 578, 599 (3d Cir. 2002); *U.S. v. Vitasafe Corp.*, 345 F.2d 864, 870-71 (3d Cir. 1965). In false advertising cases, courts typically enjoin specific false claims rather than delisting all products. *See, e.g., GlaxoSmithKline LLC v. Boehringer Ingelheim Pharmaceuticals, Inc.*, 484 F.Supp.3d 207, 213 (E.D. Pa. 2020).

### III. ARGUMENT

**A. The Removal Request Is Not Narrowly Tailored to Address Specific False Claims.**

The Moving Defendants adopt the Ningbo Defendants' argument that the Removal Request in the TRO is not narrowly tailored to address the alleged false claims about lumen output [DE 36 at 4-5]. Plaintiff's TRO Motion failed to justify why a complete delisting of products and sequestration of inventory is the narrowest remedy to protect the public, offering only a conclusory statement that such measures are "necessary to prevent defendants from continuing to sell falsely advertised products" [DE 36 at 4]. The Third Circuit has rejected such broad injunctions in false advertising cases, favoring remedies like removing or amending specific false statements. *See Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 207 (3d Cir. 2014) (requiring stickers over false claims rather than product delisting); *Ferring*

*Pharmaceuticals, Inc. v. Watson Pharmaceuticals, Inc.*, 765 F.3d 205, 218 (3d Cir. 2014) (finding removal of false statements sufficient with certification of future compliance).

Here, the alleged violation involves specific language in product descriptions on the Moving Defendants' Amazon storefronts, which can be amended without delisting entire product lines. Plaintiff's cited cases, *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122 (2d Cir. 2014), and *AW Licensing, LLC v. Bao*, 2015 U.S. Dist. LEXIS 177101 (S.D.N.Y. Apr. 1, 2015), involved trademark infringement and counterfeiting, where product sales themselves were the violation [DE 36 at 4-5]. In contrast, the Moving Defendants' sales are not inherently unlawful; only the lumen output descriptions are disputed, making the Removal Request disproportionate and unreasonable under Third Circuit precedent.

**B. The TRO Causes Irreparable Harm to Defendants and Negative Public Consequences.**

The Moving Defendants echo the Ningbo Defendants' argument that the TRO inflicts irreparable harm and negative public consequences [DE 36 at 5-6]. Since May 8, 2025, the TRO has shut down the Moving Defendants' Amazon storefronts, eliminating their combined weekly sales of approximately $30,000 and threatening their liquidity and ability to operate. The products are not defective; a correction of the lumen output descriptions would address Plaintiff's concerns without banning sales entirely. This broad prohibition reduces consumer choice in flashlights and gives Plaintiff an unfair competitive advantage by eliminating the Moving Defendants from the market. *See Ferring Pharmaceuticals*, 765 F.3d at 217 (courts must balance competing claims of injury and consider public consequences). The Lanham Act does not presume irreparable harm in false advertising cases, and Plaintiff has not shown harm justifying such an extraordinary remedy [DE 36 at 5].

**C. The Moving Defendants Have Meritorious Defenses**

The Moving Defendants also have meritorious defenses to Plaintiff's claims, further supporting modification of the TRO to allow them to continue operations while litigating the case. Plaintiff's Complaint relies on independent testing to allege that the Moving Defendants' lumen output claims are false [DE 1, ¶¶ 39-42], but the Moving Defendants intend to challenge the testing methodology, the applicability of the ANSI/PLATO FL 12019 standard to their products, and whether the alleged misstatements are material to consumer purchasing decisions under 15 U.S.C. § 1125(a). Additionally, the Moving Defendants will argue that Plaintiff's claims of irreparable harm are speculative, as consumers can return products if unsatisfied, and Plaintiff can seek monetary damages for any proven loss [DE 1, ¶¶ 47, 54]. These defenses warrant resolving the case on its merits rather than through a TRO that effectively shuts down their businesses.

## IV. CONCLUSION

The Moving Defendants respectfully request that this Court modify the TRO [DE 18] by striking or amending the Removal Request to allow the Moving Defendants to continue sales while correcting any allegedly false lumen output statements on their Amazon storefronts. The current TRO is not narrowly tailored, causes disproportionate harm, and fails to maintain the status quo, as argued by the Ningbo Defendants [DE 36]. The Moving Defendants further request any additional relief the Court deems appropriate.

Dated: May 30, 2025

Respectfully submitted,

/s/ Jianyin Liu
Jianyin Liu, Esq.
FBN: 1007675
The Law Offices of James Liu PLLC
15750 SW 92nd Ave Unit 20C
Palmetto Bay, FL 33157
Ph: (305) 209-6188
Email: jamesliulaw@gmail.com
Counsel for Defendants Ewenele,
OLDBER Prime Goods, TrixHub, Uhanciny,
Minsk, SIUYIU-US, and PHLIPESAM

CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a true copy of the foregoing was served via CM/ECF on May 30, 2025.

/s/ Jianyin Liu