IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROMIER PRODUCTS, INC., | Civil Action No. |
| Plaintiff, | 25-cv-497 |
| v. | (Judge Colville) |
| GEAROZ, et al., | |
| Defendants. | |

## PLAINTIFF'S BRIEF IN OPPOSITION TO EMERGENCY MOTION TO MODIFY TEMPORARY RESTRAINING ORDER

### INTRODUCTION

Plaintiff, Promier Products, Inc. ("Promier Products"), opposes the so-called Emergency Motion filed by the Moving Defendants[1] to modify the Court's May 8, 2025 temporary restraining order (the "TRO"). The TRO imposed a number of restrictions on the Moving Defendants based on their misleading advertisements. The Moving Defendants have requested modification of one aspect of the TRO, the prohibition of continued sales of their products under their existing Amazon listings. *See Moving Defendant's Proposed Order* [ECF No. 36-1].

The Moving Defendants attempt to portray the TRO as essentially putting them out of business, but that is not the effect of the TRO. Each of the Moving Defendants' stores is currently operating and selling products that are not subject to the TRO. *Ference Dec.*,[2] Ex. 1. There is nothing in the TRO prohibiting the Moving Defendants from creating new listings and selling their products subject to the TRO through those new listings so long as those new listings

---

[1] The "Moving Defendants" are: (1) Ningbo Lecheng Network Technology Company Limited d/b/a LECHENG Tech, (2) yu yao shi yi he mao yi you xian gong si a/b/a YIHE International Trade, (3) Yuyao KeRun Technology Limited d/b/a KERUN Technology-US, (4) Ningbo Hanyue Technology Company Limited d/a Rufykiri Direct-US, (4) Yuyao Youye Technology Limited d/b/a YOUYE Technology-US, and (5) Ningbo IkeeRuic Technology Limited Company d/b/a IkeeRuic DirectUS.
[2] *Ference Dec.* refers to the *Declaration of Stanley D. Ference III* submitted herewith.

1

do not contain false statements. In fact, they could have posted new listings and begun selling their products the day after the Court entered the TRO.

Presumably, the reason that the Moving Defendants have not created such new listings is that they know that their products cannot compete with the products offered by Promier Products on a fair basis. Instead, the Moving Defendants apparently seek to gain an unfair advantage in the Amazon.com search result algorithm based upon sales, reviews, and other activities undertaken under the old, dishonest listings. As explained below, the case law does not entitle the Moving Defendants to that unfair advantage.

Additionally, this Court has already scheduled a hearing on the motion for a preliminary injunction for June 16, 2025, two weeks from now. Accordingly, the Moving Defendants' desire to modify the TRO is in no sense an "emergency." Therefore, Promier Products respectfully requests that the Court deny the Moving Defendants' so-called Emergency Motion.

## ARGUMENT

### A. The Moving Defendants Do Not Advance Grounds for Modifying the TRO

To support a request to dissolve or modify an injunction, the moving party must made "a showing that changed circumstances warrant the discontinuation of the order." *See Franklin Twp. Sewerage Auth. v. Middlesex Cnty. Utilities Auth.,* 787 F.2d 117, 121 (3d Cir. 1986). Such changed circumstances exist when the moving party demonstrates: "(1) an intervening change in the controlling law; (2) the availability of new evidence that was not available when the court granted the motion for summary judgment; or (3) the need to correct a clear error of law or fact or to prevent manifest injustice." *Max's Seafood Café v. Quinteros,* 176 F.3d 669, 677 (3d Cir.1999).

The Moving Defendants make absolutely no effort in their Emergency Motion to establish "changed circumstances" by any of the grounds approved by the Third Circuit for modifying the TRO. On this basis alone, the Moving Defendants have failed to establish grounds for their motion.

### B.  The TRO is Narrowly Tailored to Preserve the Status Quo

Pursuant to Rule 65 and 15 U.S.C. § 1116, courts have the authority "to grant injunctions according to the principles of equity and upon such terms as the court may deem reasonable to prevent the violation of … section 1125 of this title."  Temporary restraining orders are ordinarily aimed at preserving the status quo and preventing irreparable harm until the court is able to hold a preliminary injunction hearing. *Hope v. Warden York County Prison*, 956 F.3d 156, 160 (3rd Cir. 2020). "Status quo," for purposes of a temporary restraining order, refers to the last, peaceable, non-contested status of the parties, not the situation existing at the moment the lawsuit is filed. *Kos Pharm., Inc. v. Andrx Corp.,* 369 F.3d 700, 708 (3d Cir. 2004).

In the context of false advertising, the courts have considerable discretion in framing injunctions, but the restraints should be narrowly tailored to address the speech that is likely to deceive consumers and harm the plaintiff. Courts can enjoin the dissemination of false statements in their entirety, however, and are not required to parse through each allegedly false assertion to determine if the removal or alteration of a word or phrase would render the assertion true. *Groupe SEB USA, Inc. v. Euro-Pro Operating LLC*, 774 F.3d 192, 206-207 (3d Cir. 2014). A preliminary injunction entirely barring the promotion of a product which was falsely advertised is not overly broad so long as it is targeted at the prevention of false advertisements. *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 598 (3d Cir. 2002).

1.  **Removal of the Listings is Necessary to Preserve the Status Quo Until the Preliminary Injunction Hearing**

In an effort to portray the TRO as overly broad, the Moving Defendants assert that the TRO imposes a "complete prohibition against [the Moving] Defendants from selling lawful and non-defective products." *Emergency Motion* at 6. That is not, in fact, what the TRO prohibits. Rather, the TRO is quite narrow.

The specific language from the TRO at issue, which the Moving Defendants quote on page 2 of their Emergency Motion, requires that "all online marketplaces ... shall upon receipt of this Order, suspend, block, tombstone, and/or delete any *product listings* identified by the Plaintiff as setting forth [a] literally false material claim …" *TRO* at 11 (emphasis added). Not only does this language not prohibit the Moving Defendants from selling *other products*, it does not even prevent them from selling the very products that the Moving Defendants advertised in the subject listings. The TRO only prevents the Moving Defendants from selling those products under the *listings* that contained the false statements about those products. Thus, under the TRO, the Moving Defendants are free to create new, accurate listings and begin selling their products today (indeed, they were free to do so all along).

The fact that Moving Defendants have not chosen to create new product listings free from the taint of their unfair competition and instead are attempting to modify the TRO demonstrates that they are not interested in competing for sales on a fair and legal basis and instead are attempting to preserve the advantages they obtained under Amazon's algorithms from their unlawful listings. Amazon reviews and performance ratings accrued during the time a listing contained false statements continue to influence the Amazon search algorithm. *Grandadam Dec.*[3] at ¶ 5. As a result, if the Moving Defendants are permitted to continue selling

---

[3] *Grandadam Dec.* refers to the *Declaration of Cody Grandadam* submitted herewith.

products under the old product listings, they obtain an unfair advantage and Promier Products' competitive position remains impaired, even if the dishonest information is deleted from the listings. *Id*. This unfair advantage is exacerbated because many of the product reviews in the offending listings appear to be fraudulent. *Id.* Thus, the TRO carefully crafts the least restrictive restraints on the Moving Defendants necessary to preserve the status quo and prevent unlawful competition until the Court holds a hearing on the motion for a preliminary injunction.

        **2.    Case Law Does Not Warrant Modification of the TRO**

The Moving Defendants criticize the Court's TRO on the grounds that the motion filed by Promier Products "did not even cite a single false advertising case to support its position" that the Moving Defendants should be enjoined from selling further products under the listings that contained the false statements. *Emergency Motion* at 4. As a starting point, that argument reveals more by what it omits than by what it asserts.

The Moving Defendants do not, and cannot, contend that this Court's TRO was not legally authorized under Third Circuit precedent. Instead, they are reduced to contending that the cases that Promier Products cited arose in the context of different intellectual property right statutes. Critically, they do not cite any Third Circuit false advertising cases saying that the Court's TRO was improper.

The reason that the Moving Defendants do not attempt to argue that the TRO was improper under Third Circuit precedent is likely that they could not find any supporting case law. Rather, Third Circuit case law supports the TRO that this Court issued. In *Novartis Consumer Health, Inc. v. Johnson & Johnson-Merck Consumer Pharm. Co.*, 290 F.3d 578, 599 (3d Cir. 2002), the defendant made a similar argument to that made by the Moving Defendants, contending that a preliminary injunction was overly broad because it prohibited any sales of the

product bearing the name under which the product had been sold with a misleading label, rather than allowing the defendant to resume selling the product with an altered label. The Third Circuit affirmed the injunction as properly scoped because the product already had a reputation in the marketplace such that revising the label would not protect the plaintiff. The same reasoning applies here precisely.

More importantly, the statement in the *Emergency Motion* that "Plaintiff did not even cite a single false advertising case to support its position" is simply inaccurate. Promier Products cited and discussed multiple false advertising cases throughout its supporting memorandum. Specifically, the memorandum [ECF No. 6] cites multiple false advertising cases in its discussion of the likelihood of success on the merits of Promier Products' Lanham Act claims on pages 28-32.

While the cases in Section III.C.2 of its supporting memorandum (pgs. 41-42) are not false advertising cases, those cases are relevant because they authorize the type of relief the Court granted in the TRO. In both *Gucci Am., Inc. v. Weixing Li*, 768 F.3d 122, 126 (2d Cir. 2014), and *AW Licensing, LLC v. Bao, No.* 15-cv-1373, 2015 U.S. Dist.. LEXIS 177101, at 3 (S.D.N.Y. Apr. 1, 2015), the court required the removal of all listings at the temporary injunction stage in recognition of the potential for continued irreparable harm that failure to enjoin further sales would allow.

### 3. The Moving Defendants' Lost Profits Do Not Warrant Modifying the TRO

The Moving Defendants finally contend that the TRO harms them because they are losing sales income while the TRO is in place. *Emergency Motion* at 5–6. However, any such "harm" is the result of the Moving Defendants' own misconduct in making false claims to boost their sales. *Novartis*, 290 F.3d at 596 ("the injury a defendant might suffer if an

injunction were imposed may be discounted by the fact that the defendant brought that injury upon itself.").

Furthermore, as explained above, the Moving Defendants are entirely free to resume selling their products under different listings as long as they refrain from including false information in those new listings. Since they have not attempted to do so, they cannot claim that their lost sales are caused by the TRO.

## CONCLUSION

The Third Circuit has an established standard for seeking the modification of an injunction, which the Moving Defendants do not even mention, much less attempt to satisfy. The TRO that is currently in effect is the least burdensome way in which the true status quo can be preserved. Accordingly, Promier Products respectfully requests that the Court deny the so-called Emergency Motion.

Respectfully submitted,

Dated: June 2, 2025

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 – Telephone
(412) 741-9292 – Facsimile

Attorneys for Plaintiff