IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

PROMIER PRODUCTS INC.,

                    Plaintiff,

vs.

GEAROZ, *et al*.,

                    Defendants.

Civil Action No. 25-cv-497

Judge Colville

**MOTION FOR CLARIFICATION AND/OR RECONSIDERATION
REGARDING STATUS OF THE ASSET FREEZE AND RESUMED SELLING**

This Court conducted a show cause hearing on June 16, 2025, relating to the request for a preliminary injunction by the plaintiff, Promier Products Inc. ("Promier Products"). At that hearing, counsel for the appearing defendants argued that the Court should not enter a preliminary injunction preventing those defendants from selling their products under their original Amazon listings because they had removed the false statements from those listings.

Following the hearing, the Court entered a Minute Entry summarizing the hearing. The Minute Entry states that the Court is taking the motion for a preliminary injunction under advisement. The Minute Entry also states that the TRO that the Court previously entered was deemed expired and was lifted.

Promier Products does not contest the Court's decision to lift the TRO as it pertains to the defendants' ability to resume selling under their original listings while the Court considers Promier Products' request for a preliminary injunction, if such listings remove the false or misleading content. However, the TRO also contained a separate restraint—a freeze of the assets in the defendants' Amazon accounts to preserve those assets for satisfaction of any judgment. At

the hearing, the defendants did not contend that the asset freeze was inappropriate or ask the Court to lift the asset freeze. Two groups of defendants also filed emergency motions (ECF Nos. 36 and 49) which likewise did not seek to have the asset restraint removed. Rather, the proposed order that the defendants submitted with those emergency motions provided that Amazon "is directed to reinstate any and all restrictions *except for the temporary financial freeze*." (ECF Nos. 36-1, 49-1 (emphasis added)).

As explained below, the asset restraint in the TRO was authorized by both Rules 64 and 65 of the Federal Rules of Civil Procedure and the concerns the asset freeze addresses are not mitigated by the defendants' representation that they have removed the false statements from their product listings. Accordingly, Promier Products respectfully requests that the asset freeze in the TRO remain in effect while the Court considers the motion for a preliminary injunction.

Additionally, not all of the defendants appeared and represented to the Court that they had removed the false statements from their listings. Promier Products further requests that the restraint on resumed selling only be lifted as to the defendants who have appeared and represented to the Court that their listings will no longer contain false statements, and that the TRO remain in place as to the defendants who have not made such representations to the Court.

1. **Standard for Reconsideration**

Motions to reconsider interlocutory rulings like the one at issue in this motion are squarely within the district court's discretion, and are not "not bound by the strict standards for altering or amending a judgment encompassed in Federal Rules of Civil Procedure 59(e) and 60(b), which govern a district court's reconsideration of its final judgments." *Roberts v. Winder*, 16 F.4th 1367, 1385 (10th Cir. 2021) (cleaned up).

2. **The Asset Restraint Should be Maintained**

Removal of the asset restraint creates a real risk that Promier Products will have no remedy in this case. In other cases in which Ference & Associates LLC ("Ference") has been involved, Chinese defendants selling knock-off goods on online platforms drained their accounts when they learned of an action filed against them. In 2023, Ference represented a client in a case where the defendants drained nearly $2 million from their Amazon accounts, leaving the plaintiff with no remedy. *Declaration of Stanley D. Ference III* (submitted herewith), ¶ 3. In negotiations with defendants in cases like this, the defendants have expressly threatened to deplete the funds in their accounts rather than to leave the account assets available to satisfy a judgment. *Id.* at ¶ 4.

In addition to Ference's repeated experiences in this and other cases where Chinese infringers deplete their account balances to frustrate the plaintiff's ability to collect judgments, lawyers in other cases have also documented these well-established practices.

For example, in *Chanel, Inc. v. The Individuals, Business entities, and Unincorporated Associations Identified on Schedule "A,"* No. 25-CIV-21771-CIV (S.D. Fla. 2025), the plaintiffs submitted a declaration explaining that defendants in cases like this "can change the ownership or modify e-commerce store account data and content, redirect consumer traffic to other e-commerce store names, change payment accounts, and transfer assets and ownership of the E-commerce Store Names. Such modifications can happen in a short span of time after Defendants are provided with notice of this action. Thus, Defendants can easily electronically transfer and secret the funds sought to be restrained if they obtain advance notice of Plaintiff's Application for Temporary Restraining Order and thereby thwart the Court's ability to grant meaningful relief and can completely erase the status quo." *Second Ference Dec.* at ¶ 5.

Similarly, in *Merch Traffic, LLC v. the Partnerships and Unincorporated Associations Identified on Schedule "A,"* No. 25-cv-4556 (N.D. Ill 2025), the plaintiffs submitted an affidavit describing multiple instances of defendants like those in this case depleting their online store account balances upon learning that an action had been filed against them, then defaulting, leaving the plaintiff with no recourse.   *Ference Dec*. at ¶ 6.

Additionally, in *Moncler S.p.A. v. 215kun Store*, No. 24-cv-5680 (N.D. Ga. 2024), the plaintiffs submitted an affidavit describing the "whack-a-mole" nature of Chinese infringers, in which the infringers, as soon as they learn of a lawsuit pending against them, drain their accounts, then open a new online store and resume selling infringing products under a different name. The affiant also explains how difficult it is to locate and pursue the Chinese infringers because the information they list on their online stores is typically inaccurate or incomplete. *Ference Dec*. at ¶ 7.

The fact that counsel has appeared for certain defendants does not mitigate the risk that funds will be depleted.  For example, in *Volkswagen AG v. DXZ Official Store*, No. 18-cv-6611 (N.D. Ill), Chinese defendants convinced the Court to lift the restrains on their accounts, proceeded to deplete the accounts in two days, fired their counsel, and then defaulted leaving the judgment unsatisfied.  Similarly, in *Manchester United Football Club Ltd. v. Dongguan Hon Keung Haberdashery Ltd*., No. 24-cv-5692 (N.D. Ill.), Chinese defendants obtained counsel who filed a motion to vacate the asset restraint. Once the motion was granted, the defendants removed the funds from their accounts and then failed to file an answer or otherwise plead, allowing an unenforceable default judgment to be entered against them.  *Id.* at ¶ 6.

The Supreme Court has held that district courts have the authority to grant prejudgment asset freezes in cases seeking equitable relief. *Grupo Mexicano de Desarrollo, S.A. v. Alliance*

*Bond Funds, Inc.*, 527 U.S. 308, 325 (1999). The holding of *Grupo Mexicano* is consistent with the Third Circuit's stance on district courts' authority to grant prejudgment asset freezes. *See, e.g.*, *Hoxworth*, 903 F.2d at 197 (3d Cir. 1990); *Elliott v. Kiesewetter*, 98 F.3d 47, 58 (3d Cir. 1996). Additionally, under Federal Rule of Civil Procedure 65, district courts have the inherent equity power to issue orders freezing the assets of defendants. Fed. R. Civ. P. 65; *Marsellis-Warner Corp. v. Rabens*, 51 F. Supp. 2d 508, 536 (D.N.J. 1999); See also, *Mason Tenders Dist. Council Pension Fund v. Messera*, 1997 WL 223077 (S.D.N.Y. May 7, 1997) (acknowledging that "[a]lmost all of the Circuit Courts have held that Rule 65 is available to freeze assets *pendent lite* under some set of circumstances").

A plaintiff may obtain an order restraining defendants' assets by demonstrating a "likelihood of dissipation of the claimed assets, or other inability to recover money damages, if relief is not granted." *DatatechEnters. LLC v. FFMagnatLtd.,* No. 12-cv-04500-CRB, 2012 U.S. Dist. LEXIS 131711, at 12 (N.D. Cal. Sept. 14, 2012) (citing *Johnson v. Couturier,* 572 F.3d 1067, 1085 (9th Cir. 2009)). While the assets frozen should be confined to the profits acquired by a defendant's illegal activity, the burden is on the party resisting the freeze to provide documentary proof that particular assets do not stem from the false advertisements. *See North Face Apparel Corp. v. TC Fashions, Inc.*, 2006 U.S. Dist. LEXIS 14226, at 10 (S.D.N.Y. 2006); *Roadget Bus. Pte. Ltd. v. Individuals, Corp., LLC*, 735 F. Supp. 3d 981, 983 (N.D. Ill. 2024).  None of the defendants has argued that the amount of funds restrained exceeds the profits from their admitted false advertising.

In addition to Rule 65, Rule 64 provides that "every remedy is available that, under the law of the state where the court is located, provides for seizing a person or property to secure satisfaction of the potential judgment."  In Pennsylvania, a pre-judgment restraint of existing

assets is appropriate where a plaintiff asserts a claim for money damages. *Walter v. Stacey*, 837 A.2d 1205 (Pa. Super. 2003) (injunction entered restraining assets in action seeking damages for a wrongful death); *Hoxworth v. Blinder, Robinson & Co., Inc.*, 903 F.2d 186 (3d Cir. 1990) (affirming injunction entered restraining assets in class action lawsuit).

Thus, even if the Court accepts the representations of certain defendants that they have removed the false or misleading representations from their Amazon listings, preservation of the asset freeze is authorized by applicable law and necessary to preserve the status quo and protect Promier Products' ability to enforce any judgment ultimately entered by the Court. Accordingly, Promier Products respectfully requests that the Court modify its Minute Entry to preserve the asset freeze in the TRO.

### 3.  **Not All Defendants Have Removed the False Statements**

In the two emergency motions that groups of defendants filed, the attorneys who filed them represented that their clients have removed the false statements from the listings.  While those representations might justify lifting the restraint on future sales for those defendants, not all defendants have made such representations. Rather, the evidence confirms that some of the defendants continue to include false statements in their listings.  For example, below is a listing for ASIN B0D4LRB7WL (by Defendant #85):



*Ference Dec*. at ¶ 8.

Further evidence of non-compliance by defendants who did not appear exists for other aspects of the Court's TRO. In addition to directing the takedown of certain listings, the TRO prohibited defendants from "engaging in false advertising an unfair competition with respect to the Lumen production of their flashlights." (ECF No. 18 at p. 5) Defendant US Flashlight Brand (Def. #131), however, continues to falsely advertise a flashlight at 990,000 lumens in violation of the TRO on ASIN (B0FC1NZFQD), which was covered by the TRO but not specifically listed in this lawsuit:



*Ference Dec.* at ¶ 9.

Accordingly, while the Court has representations from some of the defendants that they will amend their listings to eliminate false and misleading statements, it has no such representations from other defendants and no assurances that would warrant lifting the sales restraints on those defendants. Therefore, Promier Products respectfully requests modification of the Court's Minute Entry to lift the TRO's prohibition against resuming selling only as to those defendants who have represented to the Court that they have removed all false or misleading statements from their Amazon listings.

## Conclusion

Promier Products respectfully requests that this Court modify or clarify its Minute Entry to preserve the asset freeze as to all defendants and to lift the restraint on resuming selling for only those defendants who have represented to the Court that they have removed all false or misleading statements from their listings.

Respectfully submitted,

Dated: June 19, 2025                          /s/ Stanley D. Ference III
                                              Stanley D. Ference III
                                              Pa. ID No. 59899
                                              courts@ferencelaw.com

                                              FERENCE & ASSOCIATES LLC
                                              409 Broad Street
                                              Pittsburgh, Pennsylvania 15143
                                              (412) 741-8400 – Telephone
                                              (412) 741-9292 – Facsimile

                                              Attorneys for Plaintiff