IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROMIER PRODUCTS INC., | Civil Action No. 25-cv-497 |
| Plaintiff, | Judge Colville |
| vs. | |
| GEAROZ, *et al*., | |
| Defendants. | |

## AMENDED COMPLAINT FOR DAMAGES AND INJUNCTIVE RELIEF

Promier Products Inc., d/b/a LitezAll.com ("Plaintiff"), an Illinois corporation, hereby sues Defendants, the Individuals, Partnerships, and Unincorporated Associations identified in the Caption, which are set forth in **Schedule "A"** hereto (collectively "Defendants"). All Defendants, operating under the seller identities and/or the online marketplace accounts as set forth in **Schedule 'A"** hereto (the "Seller IDs and collectively, the Defendant Merchant Storefronts"), are knowingly and intentionally making false representations as to the characteristics and/or qualities of the products that are for sale on the Amazon.com online marketplace.  In support of its claims, Plaintiff alleges as follows:

## NATURE OF THE ACTION

1.    This is a civil action for false advertising and unfair competition under the Lanham Act, 15 U.S.C. §1125(a) and unfair competition under Pennsylvania common law. Plaintiff seeks preliminary and permanent injunctive relief as well as determination that Defendants' conduct constitutes deliberate, willful and/or bad faith conduct such that this should be declared an exceptional case under 15 U.S.C. § 1117(a).

1

2.     This action arises out of Defendants' false advertisement of the characteristics and/or qualities of the flashlights being advertised, offered for sale, sold, and/or distributed by Defendants.

3.     Plaintiff therefore brings this action for false advertising in violation of Section 43(a) of the Lanham Act, as amended, and Pennsylvania common law unfair competition, pursuant to 15 U.S.C. § 1125(a) and The All Writs Act, 28 U.S.C. § 1651(a).

## JURISDICTION AND VENUE

4.     This Court has subject matter jurisdiction over the Section 43(a) Lanham Act false advertising claim pursuant to 28 U.S.C §§ 1331 and 1332. This Court has supplemental jurisdiction pursuant to 28 U.S.C § 1367 over Plaintiff's state law claim because those claims are so related to the federal claim that they form part of the same case or controversy.

5.     Personal jurisdiction over each Defendant satisfies constitutional due process because each Defendant has purposefully directed and expressly aimed its tortious activities at the Commonwealth of Pennsylvania and established sufficient minimum contacts with Pennsylvania by, among other things, accepting an order for a product that was falsely advertised from a representative of Plaintiff with a Pennsylvania address, shipping the ordered product to that representative in Pennsylvania, and collecting Pennsylvania sales tax. In addition, upon information and belief, each Defendant has sold additional products that were falsely advertised to consumers within Pennsylvania not affiliated in any way with Plaintiff through the regular course of business, with the knowledge that Plaintiff is harmed in Pennsylvania as a result of its sales of falsely advertised products to Pennsylvania residents.  Plaintiff's claims arise out of and relate to Defendants' sales of falsely advertised products to Pennsylvania residents through the regular course of business.

6.      Personal jurisdiction over each Defendant satisfies the Pennsylvania long-arm statute, and therefore Rule 4(k)(1)(A) of the Federal Rules of Civil procedure.  42 Pa. Cons. Stat. § 5322 (a) provides in pertinent part: "A tribunal of this Commonwealth may exercise personal jurisdiction over a person ... as to a cause of action or other matter arising from such person: (1) Transacting any business in this Commonwealth.  Without excluding other acts which may constitute transacting business for the purpose of this paragraph: (ii) The doing of a single act in this Commonwealth for the purpose of thereby realizing pecuniary benefit ... (3) Causing harm or tortious injury by an act or omission in this Commonwealth. (4) Causing harm or tortious injury by an act or omission outside this Commonwealth ... (10) Committing any violation within the jurisdiction of the Commonwealth of any statute, home rule charter, local ordinance or resolution, or rule or regulation promulgated thereunder by any government unit or of any order of court or other government unit."  Defendants are subject to jurisdiction under the Pennsylvania long-arm statute because, upon information and belief, Defendants have accepted orders from Pennsylvania residents including but not limited to a representative of Plaintiff, have shipped infringing products into Pennsylvania, and have collected Pennsylvania sales tax on such orders. Alternatively, to the extent that any Defendant can establish that it does target consumers or otherwise have sufficient contacts in any individual state, that Defendant is subject to personal jurisdiction in this district pursuant to Federal Rule of Civil Procedure 4(k)(2) because: (i) that defendant would not be subject to jurisdiction in any state's court of general jurisdiction; (ii) exercising jurisdiction would be consistent with the United States Constitution and laws; and (iii) Plaintiff has asserted claims under federal laws.

3

7.      By virtue of the civil conspiracy claim in Count III of this Amended Complaint, the Pennsylvania contacts of each Defendant are imputed to every other Defendant because, upon information and belief, each Defendant was aware of, or should have been aware of, the actions of the other co-conspirators.

8.      Venue is proper in this Court pursuant to 28 U.S.C. § 1391 because Defendants do not reside in the United States and are subject to venue in any district. Further, Defendants solicit business from this Judicial District and, upon information and belief, conduct and transact significant business in this Judicial District.

## THE PARTIES

9.      Plaintiff is an Illinois corporation with its principal place of business at 304 5th Street, Peru, Illinois 61354. Plaintiff advertises, sells, and distributes, various portable light products, including flashlights, online and in stores in this jurisdiction, throughout the United States, and globally.

10.     Upon information and belief, the Defendants are individuals and/or business entities of unknown makeup, each of whom either reside or operate in foreign jurisdictions or redistribute products from the same or similar sources in those locations.

11.     Upon information and belief, Defendants conduct business throughout the United States, including within Pennsylvania and in this judicial district, via online marketplaces operating under the Defendant Merchant Storefronts. Each Defendant targets the United States, including Pennsylvania, and has packaged, advertised, offered for sale, and on information and belief, has sold and continues to sell products, including falsely advertised flashlights, to consumers within the United States and in this judicial district.

12.     The offending advertising statements, which appear multiple times throughout each of Defendants' product listings, have been published on, at least, the Amazon.com online marketplace and have been seen by consumers throughout the country, including this judicial district.

13.     Upon information and belief, the Defendants use aliases in conjunction with the operation of their businesses as set forth in **Schedule "A"** hereto.

14.     Upon information and belief, Defendants are the past and present controlling forces behind the false advertisement of the characteristics and/or qualities of flashlights as described herein using at least the Seller IDs.

15.     Upon information and belief, Defendants directly engage in unfair competition with Plaintiff by packing, advertising, offering for sale, and selling goods based on the false advertisement of the products' characteristics and/or qualities through several fully interactive, commercial Internet websites and Internet based e-commerce stores operation under, at least, the Defendant Merchant Storefront, the Seller IDs, and any additional domain names, websites, and corresponding website URLs or seller identifications and store URL aliases not yet known to Plaintiff. Defendants have purposefully directed some portion of their illegal activities towards consumers in the Commonwealth of Pennsylvania through the advertisement, offer to sell, sale, and/or shipment of falsely advertised products into the Commonwealth.

16.     Upon information and belief, Defendants have registered, established or purchased, and maintained the Defendant Merchant Storefronts and Seller IDs. Upon information and belief, Defendants have engaged in fraudulent conduct with respect to the registration of the Defendant Merchant Storefronts and Seller IDs by providing false and/or

misleading information to the Internet based e-commerce platform, Amazon.com, during the registration or maintenance process related to their respective Seller IDs.

17.     Upon information and belief, Defendants will continue to register for or acquire new seller identification aliases for the purpose of selling and offering for sale goods that are falsely advertised unless preliminarily and permanently enjoined.

18.     Upon information and belief, Defendants' business names, i.e., the Seller IDs, associated payment accounts, and any other alias seller identification names used in connection with the sale of falsely advertised goods are essential components of Defendants' online activities and are the means by which Defendants cause harm to Plaintiff. Moreover, Defendants are using false advertisements to drive consumer traffic to their e-commerce stores operating under the Seller IDs, thereby creating and increasing the value of the Seller IDs and decreasing the size and value of Plaintiff's legitimate consumer marketplace at Plaintiff's expense.

19.     Upon information and belief, Defendants' sale of falsely advertised products gives rise to a plausible expectation that discovery will reveal that Defendants' actions all arise from the same transaction, occurrence, or series of transactions. Specifically, Defendant Merchant Storefronts share unique identifiers, such as descriptions, and similarities of the falsely advertised products offered for sale such as descriptions, product images, colors, shapes, and sizes, thus establishing a logical relationship between them and suggesting that the defendants false advertisements arise out of the same transaction, occurrence, or series of transactions or occurrences.

## COMMON FACTUAL ALLEGATIONS

20.    Plaintiff is a global company that distributes and sells portable light products, such as flashlights, using the Amazon.com online marketplace, on its independent retail website, in retail stores throughout the United States. Since its entrance to the portable light product market in 2010, Plaintiff has established a reputation for providing quality and innovative products to consumers.

21.    Over the past several years, visibility on the Internet, particularly via Internet marketplaces such as Amazon.com, has become increasingly important to Plaintiff's overall marketing. Plaintiff expends significant monetary resources on Internet marketing, including search engine optimization strategies. Those strategies allow Plaintiff to fairly and legitimately educate consumers about the value associated with the products offered for sale on Plaintiff's website and in stores. Similarly, Defendants' individual seller stores are featured on the Amazon.com online marketplace and compete directly with Plaintiff for space in search results.

22.    The LITEZALL®, KODIAK®, ILLUMIBRITE®, and HANDZFREE® products offered for sale on Plaintiff's website and online marketplace storefront have undergone testing, whether conducted in-house or by manufacturing partners, to ensure the accuracy of the product specifications advertised, including but not limited to, the maximum Lumen output.

23.    Plaintiff recognizes the importance of accurately advertising their flashlights to ensure the ability of consumers to compare similar flashlights and select the product that best suits their preferences and needs. Plaintiff has always and continues to accurately advertise the characteristics and/or qualities of the products promoted, offered for sale, and sold via their Amazon.com storefront, independent retail website, and in stores to reflect the data reported by industry standard photometric and electrical tests.

24.    Lumens are the most commonly used unit of measure for total light output in portable lighting devices that emit directional light, such as flashlights. There is no maximum limit to luminous flux, but luminious efficacy is limited by thermal and electrical losses that occur at the high drive currents used in handheld devices.

25.    The Portable Lights Trade Organization ("PLATO"), is an American National Standards Institute ("ANSI") Accredited Standards Developer. In 2019, PLATO created the ANSI/PLATO FL 1 19 Standard which covers the basic performance standards of portable flashlights, spotlights, and headlamps, that provide directional lighting. This standard focuses on product performance characteristics such as beam distance, peak beam intensity, run time, impact resistance, and water penetration protection.

26.    The ANSI/PLATO Fl 1 19 Standard was created to help consumers accurately compare the claims that each flashlight manufacturer presents regarding their flashlight's performance.

27.    Upon information and belief, Defendants, operating under the seller IDs, also promote, offer for sale, sell, and distribute flashlights in the United States through the use of Internet based e-commerce stores, such as, at least, Amazon.com.

28.    Defendants' individual seller's stores use similar search engine optimization strategies and compete directly with Plaintiff for space in the Amazon.com search results. Further, Defendants' flashlights are typically sold at the same or similar price point as Plaintiff's flashlights, therefore putting them in direct competition with Plaintiff.

29.    This lawsuit arises out of each Defendants' individual product listings and/or descriptions on Amazon.com that are literally false. Defendants' product listings, descriptions,

and product specifications set forth explicit, quantified representations to consumers about the lumen output generated by their flashlights that are knowingly false.

30.    Upon information and belief, in an attempt to delude consumers into the false belief that Defendants' flashlights are the equal of, or are superior to, Plaintiff's flashlights, Defendants' advertisements explicitly claim that each of their flashlights are capable of generating lumen outputs in extreme excess of their true capabilities.

31.    Defendants' product listings vary in the exact Lumen output asserted, ranging from 500 to 5,000,000 Lumens, but are nonetheless all literally false.

32.    Recognizing the importance of Lumen output to customers, Defendants have made the false claims of lumen output a highlighted feature in their product advertisements, listings, and descriptions.

33.    Defendants explicitly assert these output capacities in multiple places throughout each product listing including in the product name, in the "about this product" description, and in the "technical details" product information section. Representative examples are shown below:




34.    As described in detail herein, the advertising statements made by Defendants asserting the peak Lumen generation of their products are literally false.

35.    To obtain a lumen output on the higher range of Defendants' claims (900,000 - 5,000,000) a light source would need to be connected to a power source that supplied 4,000 W, assuming a super high efficacy of 250 lm/W. Realistically, flashlights operate in the 60 lm/W – 120 lm/W range due to heat and drive current losses which would mean that a power source in the range of 8,000 W to over 16,000 W would be needed for the same output. Such power would require a large battery, such as a Tesla Powerwall, and would certainly not be portable. A Tesla Powerwall 3 is a residential stationary battery system which can deliver up to 11.5 kW continuous output, but it weighs around 287 pounds and is roughly the size of a compact refrigerator (43.5" x 24" x 7.6"). The batteries used in flashlights, such as AA cells or 18650 lithium-ion cells cannot sustain such high discharge rates without overheating, rapid voltage drop, or outright failure. While some of the lights in this lawsuit advertise output values that are less than those discussed above, and which could realistically be achieved by a portable power source, the device would need to operate at a luminous efficacy that is not commonly present in commercially available products.

36.    Therefore, the size, power sources utilized, and quality of Defendants' flashlight make it so that the advertised lumen outputs are either scientifically impossible or would require a luminous efficacy typically used in highly specialized products to be achieved.

37.    In fact, independent industry standard testing commissioned by Plaintiff demonstrates that the true lumen outputs of Defendants' flashlights are not remotely close to the advertised capabilities. The independent testing shows that the best-performing flashlight only generated a peak lumen output 68.53% of that which was advertised. Further, the bulk of

Defendants' flashlights performed at less than 1% of their advertised Lumen output capabilities. The distribution of percentage of brightness advertised vs. actually achieved is shown in the chart below:



38.    The independent testing commissioned by Plaintiff was conducted by Elite Electronic Engineering, Inc. ("Elite Test"). Elite Test was evaluated by the American Association for Laboratory Accreditation and was granted a scope of accreditation in in accordance with the recognized International Standard ISO/IEC 17025:2017. This scope of accreditation certifies that Elite Test demonstrates the technical competence to conduct Luminous Flux and Luminous Intensity testing that complies with ANSI/PLATO FL 1 2019 methodology standards.

39.    The methodology and procedures used by Elite Test to conduct the Luminous Flux testing on Defendants' products are described in detail in section 11 of the test report provided by Elite Test.

40.     In accordance with ANSI/PLATO FL 1 2019 standards with the exception of the noted deviations indicated in the report, Elite Test measured the luminous flux of each of Defendants' flashlights using 2-meter integrating sphere in the 4pi geometry wide focus position. The Labsphere Integral software was then used to generate the total luminous flux of each flashlight. The graph below shows the distribution of the peak lumen output of Defendants' flashlights tested, with the highest reported output being 27,135 and the lowest being 58.



41.     Defendants' false advertisements are intended to deceive consumers concerning the supposed Lumen output of their flashlights, and consumers have actually relied and will continue to rely upon these false claims.

42.     Lumen output, or brightness, is one of the most important criterion to consumers looking to purchase a flashlight. Further, Plaintiff's and Defendants' products appear in the same search results and are sold at a similar price point, making the lumen output generated by the light one of the only differentiating factors.

43.    Defendants' false advertisements are especially harmful because consumers are unable to independently verify Defendants' statements about the luminous intensity of the flashlights due to the highly specialized technology required to measure Lumens.

44.    Viewers of Defendants' advertising who would otherwise be likely to consider Plaintiff's accurately advertised and equally bright flashlights will inescapably take away the false message that they can achieve far higher lumen output, and therefore brightness, with Defendants' flashlights.

45.    Upon information and belief, Defendants' false advertisements have already hurt Plaintiff's sales and profits by leading consumers to consider Defendants' falsely advertised products with much higher, but grossly inaccurate Lumen output. Defendants' false claims will continue to do so unless they are enjoined from making the advertising statements challenged in this Complaint.

46.    Plaintiff confirmed that Defendants were and/or are still currently offering for sale and/or selling falsely advertised products to the consuming public via Internet based e-commerce stores on at least, the Amazon.com online marketplace, using at least the Seller IDs identified in **Schedule "A"** and that Defendants provide shipping and/or have actually shipped falsely advertised products to customers located within this judicial district.

47.    Defendants are engaging in the above-described illegal advertising activities knowingly and intentionally with the intention of deceiving the consuming public. If Defendants' intentional false advertising activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

48.    Defendants' above identified false advertisements are likely to cause confusion, deception, and mistake in the minds of consumers before, during, and after the time of

purchase. Moreover, Defendants' wrongful conduct is likely to create a false impression and deceive customers, the public, and the trade into believing that Defendants' products are superior to market competitors, including Plaintiff's, which they are not.

49.    Upon information and belief, Defendants' payment and financial accounts are being used by Defendants to accept, receive, and deposit profits from Defendants' false advertising and unfairly competitive activities connected to their Seller IDs and any other alias e-commerce stores, photo albums, seller identification names, domain names, or websites being used and/or controlled by them.

50.    Further, upon information and belief, Defendants are likely to transfer or secret their assets to avoid payment of any monetary judgment awarded to Plaintiff.

51.    Plaintiff has no adequate remedy at law.

52.    Plaintiff is suffering irreparable injury as has suffered substantial damages as a result of Defendants' false advertising. If Defendants deceptive and unfairly competitive activities are not preliminarily and permanently enjoined by this Court, Plaintiff and the consuming public will continue to be harmed.

53.    The harm and damages sustained by Plaintiff has been directly and proximately caused by Defendants' advertisement, promotion, offering to sell, and sale of their falsely advertised products.

54.    In this action, Plaintiff alleges that Defendants have engaged in false advertising in violation of Section 43(a) of the Lanham Act and unfair competition in violation of Pennsylvania common law. Plaintiff seeks permanent injunctive relief, statutory punitive, compensatory and enhanced damages, its costs, attorneys' fees and disgorgement of Defendants' profits.

## COUNT I

## FALSE ADVERTISING IN VIOLATION OF 15 U.S.C. § 1125(a)

55.     Plaintiff realleges and incorporates by reference paragraphs 1 through 54 of the Complaint as if set forth herein.

56.     The foregoing acts of Defendants constitute false advertising and false representations in violation of Section 43(a) of the Lanham Act.

57.     Defendants have made and are continuing to make materially false statements of fact about the characteristics and/or qualities of their lights in their online product listings and descriptions.

58.     These false statements are material because they have and are likely to continue to influence consumers' purchasing decisions.

59.     Defendants' statements have actually deceived and/or have the tendency to deceive a substantial segment of consumers, who have relied or will likely rely on Defendants' false statements in making their flashlight purchasing decisions.

60.     Defendants have caused their false statements to enter interstate trade or commerce.

61.     As a direct and proximate result of Defendants' false and deceptive campaign, Plaintiff is suffering immediate and continuing irreparable injury for which there is no adequate remedy at law.

62.     Defendants' false advertising is knowing and willful. Plaintiff is entitled to injunctive relief and to the recovery of all available damages, attorneys' fees, costs and Defendants' profits.

63.     Because of Defendants' deliberate, willful, and/or bad daith conduct, Plaintiff is entitled to a determination that is an exceptional case within the meaning of Section 35 of the Lanham Act. 15 U.S.C. §1117.

## COUNT II

## PENNSYLVANIA COMMON LAW UNFAIR COMPETITION

64.     Plaintiff realleges and incorporates by reference paragraphs 1 through 63 of the Complaint as if set forth herein

65.     Pennsylvania's common law prohibition of unfair competition prohibits unfair competition by means of deceptive marketing and acts or practices that are actionable under federal or state statutes.

66.     Defendants have engaged in deceptive marketing by making literally false representations about the characteristics and/or qualities of their products.

67.     As a result of Defendants' promoting, advertising, offering for sale, selling, and distribution of goods represented as capable of generating a lumen output well beyond their true capacities, Defendants have and continue to make false and misleading designations and representations in violation of Pennsylvania's common law of unfair competition.

68.     Defendants are using such false and misleading designations and representations to unfairly compete with Plaintiff and others on Internet marketplaces, for space in search results across an array of search terms, and visibility on the World Wide Web.

69.     Defendants' false advertisements are likely to cause and actually are causing confusion, mistake, and deception among members of the trade and the general consuming public as to the characteristics and/or qualities of Defendants' products by their use literally false statements in their advertisements.

70.     Plaintiff has no adequate remedy at law and is suffering irreparable injury and damages as a result of Defendants' actions.

71.     As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their false advertisements, and exemplary or punitive damages for Defendants' intentional misconduct.

## COUNT III

## CIVIL CONSPIRACY

72.     Plaintiff hereby adopts and re-alleges the allegations set forth in the preceding paragraphs as if set forth herein.

73.     Plaintiff is informed and believes and therefore alleges upon information and belief that Defendants knowingly and voluntarily entered into a scheme and agreement to engage in a combination of unlawful acts and misconduct including, without limitation, a concerted and collaborated effort to maintain the distribution, marketing, advertising, shipping, and sale of falsely advertised products.

74.     The intent, purpose, and objective of the conspiracy and the underlying combination of unlawful acts and misconduct committed by the Defendants was to unfairly compete against Plaintiff and to profit from their unfair competition.

75.     Each Defendant understood and accepted the foregoing scheme and agreed to do its respective part to further accomplish the foregoing intent, purpose, and objective.  Thus, by entering into the conspiracy, each Defendant has deliberately, willfully, and maliciously permitted, encouraged, and induced all of the foregoing unlawful acts and misconduct.

76.      As a direct and proximate cause of the unlawful acts and misconduct undertaken by each Defendant in furtherance of the conspiracy, Plaintiff has sustained, and unless each Defendant is restrained and enjoined, will continue to sustain severe, immediate, and irreparable harm, damage, and injury for which Plaintiff has no adequate remedy at law.

77.      As a result of Defendants' actions alleged herein, Plaintiff is entitled to injunctive relief, an order granting Plaintiff's damages and Defendants' profits stemming from their false advertisements, and exemplary or punitive damages for Defendants' intentional misconduct.

## PRAYER FOR RELIEF

WHEREFORE Plaintiff demands judgement on all Counts of this Complaint and an award of equitable relief and monetary relief against Defendants as follows:

    a.  Entry of a temporary, preliminary injunction pursuant to 15 U.S.C. § 1116 and Federal Rule of Civil Procedure 65 enjoining Defendants from engaging in false advertising and unfair competition with respect to the Lumen production of their flashlights including but not limited to (i) making representations that their flashlights are capable of achieving peak lumen outputs far beyond their true capacities and (ii) misrepresenting or falsely advertising the Lumen output of their products in any other way.

    b.  Permanently enjoining Defendants from engaging in false advertising and unfair competition with respect to Lumen production of their flashlights including but not limited to (i) making representations that their flashlights are capable of achieving peak lumen outputs far beyond their true capacities and (ii)

misrepresenting or falsely advertising the Lumen output of their products in any other way.

c.  Entry of an Order that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators that are provided with notice of the injunction, including but not limited to the online marketplaces hosted by Amazon.com, identify any e-mail address known to be associated with Defendants' respective Seller ID, and cease facilitating access to any or all e-commerce stores through which defendants engage in the promotion, offering for sale, and/or sale of falsely advertised goods.

d.  Entry of an Order that, upon Plaintiff's request, any Internet marketplace website operators and/or administrators who are provided with notice of the injunction, including but not limited to online marketplaces hosted by Amazon.com, permanently remove any and all product listings and associated images, descriptions, and technical details of goods that have been falsely advertised as capable of achieving peak Lumen outputs far beyond the true capabilities of the product via the e-commerce stores operating under the Seller IDs, including any and all listings, images, descriptions, and technical details that falsely describe the characteristics and/or qualities of the products linked to the same seller or linked to any other alias seller identification name being used and/or controlled by Defendants to promote, offer for sale and/or sell goods that are being falsely advertised as capable of achieving a peak Lumen output far beyond their true capacities.

e.  Entry of an order that, upon Plaintiff's request, any internet marketplace website operators and/or administrators who are provided with notice of the injunction including, but not limited to online marketplaces hosted by Amazon.com, immediately cease fulfillment of and sequester all goods of each Defendant or other Seller under a Seller ID that has falsely advertised the characteristics and/or qualities of their products by asserting that the products are capable of achieving a peak Lumen output far beyond their true capacities.

f.  Entry of an Order, pursuant to 15 U.S.C. § 1117(a), directing Defendants to account for, and pay over to Plaintiff, all gains, profits and advantages derived by Defendants from the above-described wrongful acts.

g.  In accordance with a determination that this is an exceptional case within the meaning of section 35 of the Lanham Act, entry of an award, pursuant to 15 U.S.C. § 1117(a), of Plaintiff's costs and reasonable attorneys' fees and investigative fees associated with bringing this action.

h.  Entry of an award for monetary damages sustained by Plaintiff as a result of Defendants' unlawful conduct, in an amount to be proved at trial.

i.  Entry of an Order that, upon Plaintiff's request, any financial institutions, payment processors, banks, escrow services, money transmitters, or marketplace platforms, including but not limited to, Amazon Services LLC d/b/a Amazon.com ("Amazon') and Amazon Payments, Inc. d/b/a Pay.amazon.com ("Amazon Pay"), and their related companies and affiliates, identify and restrain all funds, up to and including the total amount of judgment, in all financial accounts and/or sub-accounts used in connection with the Seller IDs or other

domain names, alias seller identification names, or e-commerce store names or store URLs used by Defendants presently or in the future, as well as any other related accounts of the same customer(s) and any other accounts which transfer funds into the same financial institution account(s), to be surrendered to Plaintiff in partial satisfaction of the monetary judgment entered herein.

j.    Entry of an award of pre-judgment interest on the judgment amount.

k.    Entry of an award of punitive damages.

l.    Entry of an order for any further relief as the Court may deem just and proper.

## DEMAND FOR A JURY TRIAL

Plaintiff respectfully demands a trial by jury on all claims.

Respectfully submitted,

Dated:  August 12, 2025

/s/ Stanley D. Ference III
Stanley D. Ference III
Pa. ID No. 59899
courts@ferencelaw.com

FERENCE & ASSOCIATES LLC
409 Broad Street
Pittsburgh, Pennsylvania 15143
(412) 741-8400 - Telephone
(412) 741-9292 - Facsimile

Attorneys for Plaintiff

Schedule "A"

**Defendants with Store Name and Seller ID**

| Defendant Number | Store/Seller Name | Seller ID |
|---|---|---|
| 1 | GearOz | A23YSDNTLB920E |
| 2 | Aikertec-US | AFJ3IFXPY6VCX |
| 3 | AlesDirect | A8IDXQVHTQ4GC |
| 4 | Alicegirl-US Brand | A35EKW4EMW9467 |
| 5 | Alifa Led Flashlights Direct Store | A157FI0V5YESZN |
| 6 | AlkorShop | A205T4ZO5BB52Z |
| 7 | ALSTU-US | A1SM9LDXPHZ4NJ |
| 8 | AMAKER Direct | A226320QEWBQ9G |
| 9 | ANLOOK | AGDGT68H6CWNE |
| 10 | Annteneo | AG7RFI5F8TLCV |
| 11 | ATDOALL INC | ASA75UFIN82RG |
| 12 | AURASEASON Direct | A5PZSE27ZPH6Y |
| 13 | Auto-Refitting Shop | A1NMB1N6XMXP55 |
| 14 | AXRUNZE Direct | A20DKWQF438DQ0 |
| 15 | B dream | A3PV1ZJXE3QKOV |
| 16 | Baibian Brightness Corner | A9KTJOITN4PUJ |
| 17 | BeamMax | A3R6JZO7WM2W0C |
| 18 | BengMxj Direct | A3AB2S258RJL1J |
| 19 | BERCOL Flashlight Direct | A1Q4MFF3MMRG6E |
| 20 | BERCOL Group | A30Z7X7GUJOQAA |
| 21 | BIGSUN Direct | A15QOOFZKWG7GE |
| 22 | BinwoPremium | A3A9SZZ2AMVZD2 |
| 23 | BROVAVE-US | A162AVD25RAFD9 |
| 24 | BRT Official | AEW7C45RZ2R65 |
| 25 | Bud K Direct | A3BFOYHF1IT63Z |
| 26 | BUYSIGHT | A1FKRIINBKHQ0X |
| 27 | Car Accessories XC | A50EBC0946G4M |
| 28 | CHEER LLC | A264UQLNXQJAI7 |
| 29 | Chemallon-US | ADZ7CRRV5J33V |
| 30 | CHENGBEID | A1CPH4ACKM256D |
| 31 | CHILDBOT | ACBUO8M2M06FD |
| 32 | Cinlinso Direct | A1SUMEZYB2WWRI |
| 33 | CR outdoor lighting | AKR3UAGNH7B95 |
| 34 | crazybrace® Direct | A1KJ5M3RGSIBML |
| 35 | CSNDICE | A33SUKD6T0KNVK |
| 36 | Cuytgsg Directstore | A2V7RBFS63IPCN |
| 37 | Cyquan | AYMOPPV5MZ9S2 |
| 38 | DABUFOY | A2IKPE5BIV3BU |
| 39 | Derewalt Inc | A3LT4U1SS4J8WE |
| 40 | DiKoMo Direct | A2PBB41YMT3W9J |

| 41 | DL Decorate | A3UHSHNXQYRBAE |
| 42 | Driverwish Direct | A343PA9PYCLOR8 |
| 43 | Durapower | A28EG97Y0BT93D |
| 44 | EBUYFIRE | A17UZ9VM01NFCF |
| 45 | Ewenele | A2WH8ZR4UXWD0D |
| 46 | Feita Outdoor Sport | A1KWLNGCBJYWQO |
| 47 | FekehUS | ALUOOMUMVOGOM |
| 48 | Forever Global Store | A10RYOACILTDA6 |
| 49 | FUROLD Brand | A1EOYMLF54EVYT |
| 50 | GaiRui | A31KBRSFSUDVW2 |
| 51 | GDPLUS DIRECT | A28BUF5PC4HHSA |
| 52 | GEPROSMA | A2AKYM9PAS5NCW |
| 53 | gexin-dianzi | AXUFY3RE9HW3X |
| 54 | GHTesell | A18SOPUP0VXH3W |
| 55 | GOHOMAN US Brand | AK36SWTZ6PF34 |
| 56 | Goreit-US | A2TAWCGYV7D96J |
| 57 | Grentay US Direct | A35GW10ASBXYTL |
| 58 | Hefeiminlu | A1UUAOAX8QJ6W4 |
| 59 | Heliuslight | A17C0Z4ZV0GMU6 |
| 60 | HLX-US | A2EIEJAMP10V0W |
| 61 | HoxidaDirect | A3C20NE92Q3JCH |
| 62 | IkeeRuic Direct-US | A3O2NIX29RL6TI |
| 63 | iKirkliten Store | A19DG1WH8H3OUF |
| 64 | ImalentDirect | A21WYP8PYTPRPX |
| 65 | INECOKS | A78VORBI0KJWP |
| 66 | iToncs-US | A36NIUBXZU7X51 |
| 67 | JAPUDA | A123ZNXJ75DSVC |
| 68 | Jiaroubaihuodian | A1H7Q1P26IFYFO |
| 69 | jsk-Store | A279XVJILVHYS1 |
| 70 | Kaihe Tec | A5PPCEECWVTSW |
| 71 | KELNOW | A2GOPJ3OMJPUN5 |
| 72 | KEPEAK | AYWNBKLQH6BQS |
| 73 | KERUN Technology-US | A3KQETEB0CGL3W |
| 74 | Kicoeoy Brand Direct | A2YMXPB3JDACIS |
| 75 | Know White | A3HRVLM7EC860X |
| 76 | KYHT-US | A2M53WBKA4DZ4J |
| 77 | LBE Brand Direct | A5JOD453EYRFB |
| 78 | LECHENG Tech | A2AB3AOUDURSA |
| 79 | LED Professional Store | AZ7ED2CNJAYAU |
| 80 | Lightship US | A391X8LSERI6SI |
| 81 | Liushi store | A2AMECEEZHLKTC |
| 82 | lvcisai | AMEEQEU4HLQS |
| 83 | MAFSEUT LLC | A8Z3JL92WUECQ |
| 84 | Maythankusa | ASYUKQZN3BPQ0 |
| 85 | Milaoshu Professional Flashlight | A30IKX8YJ6HEEJ |

| 86 | Minsk Store | A298ZPF2G043WK |
| 87 | MIOSY Store | A2WZQH6GHC6CQD |
| 88 | | |
| 89 | N-C Brand Group | AP1EP3VPNPX4R |
| 90 | Ndeplis®-us | A11TXHTPRO36Z6 |
| 91 | NetCan US | A114G16BQLVTFD |
| 92 | Nikita masy | AVDEBPII044AE |
| 93 | Northlet- direct | AVTIX5VG908Y2 |
| 94 | Northlet Flashlight | AZTIYJJ2A6Q1H |
| 95 | NOVEE INC | A2LUHFCFU1PIAD |
| 96 | OceanBeam | A3L1Q3KVRQ98XK |
| 97 | OLDBER Prime Goods | A2IFV9JD4Y29R3 |
| 98 | OMALIGHT Direct Store | A2JNVFIMGZIP5C |
| 99 | PerkLuck Store | A14J77EDX0ZYNO |
| 100 | Phixtonus | A2ZGGQDXOXPEVW |
| 101 | PHLIPESAM | A2IWKHX2ZQMLR |
| 102 | PinBaoLaLa Direct | A2SREZUQEHM2CC |
| 103 | QJA US | AC0GDNRNT714N |
| 104 | RedRhino_Store | A2FV1J9NWPICZ4 |
| 105 | Rufykiri Direct-US | A3GK5BX1MU8T8A |
| 106 | Scheolgoods | A3IMOKJSLEFPGH |
| 107 | | |
| 108 | Senrun-US | A32DSO1SV27CSF |
| 109 | Sharehappy-US Direct | A1M83XUAAZZUQI |
| 110 | Shenzhenshijunyingmaoyiyouxiangongsi | A1ZNB6OC1EMOJM |
| 111 | Sigoobal | A2T7I6P6BUPDJ1 |
| 112 | Sigoobal Brand | A31HXLGZZJ7RCD |
| 113 | Sinvimes Store | A2S426Q9UYSFK7 |
| 114 | SIUYIU-US | AHEDCBJU6NTGX |
| 115 | SKNSL Outdoor Brand | AQV42U89WCUZG |
| 116 | SKNSL® Direct | A3LDH0NSW1AXQB |
| 117 | SpriakDirect | AG4H9NIPGITEQ |
| 118 | SUNITACT-US | A3S54PB0VI8Q45 |
| 119 | Sunitact-US | A1MMBKZH0VJS0V |
| 120 | Super lighter – Direct | AOX1OQPSEIYDE |
| 121 | | |
| 122 | | |
| 123 | Taller Store | A37LYACMS57530 |
| 124 | Taoquwe Brand | A22LSKQ589LYP8 |
| 125 | TECBOTT Direct Store | A2IXIJQ5LZVUNW |
| 126 | TOHO TRADING | A20720LUCQ7RH4 |
| 127 | TrixHub | A2R7060RDYFCQE |
| 128 | Uhanciny | A1W2XBGL4NEXUB |
| 129 | UOATEPC Brand | A3V0SY39L1KCL |
| 130 | UOATEPC-US Direct | A394EYHJ80C1TO |

| 131 | US Flashlight Brand | A3BFPASZZEMOPM |
| 132 | US-YAN | AZBNWM6T89WYP |
| 133 | Vanvale Direct | A1DTGVUJAWVFQH |
| 134 | Victagen | A2NXBL6IW5SMQL |
| 135 | Vinderfine | A326EJH0T6TA01 |
| 136 | Vnina Direct | A1O7NNJPGLRNF4 |
| 137 | WENFENG Direct | AMIFZJGV619MK |
| 138 | WEIFEN | A3HKC6ILYSPJBZN |
| 139 | workinggood-US | ANQXBL4AMJ54D |
| 140 | X.Store | A14NPRPU6QX06M |
| 141 | XILUO | A25TBFKVRF5K0T |
| 142 | YICORPS INC | A2HY1I8T4FN70S |
| 143 | YIERBLUE | A24649DIHNWSGO |
| 144 | YiFF | A814JDZDIK0VQ |
| 145 | YIHE International Trade | A3FEI9VY1QYKRZ |
| 146 | Yipinjufeng | A3UK34SG0RD42J |
| 147 | YOUYE | A159D00BO1EJNX |
| 148 | Yunxinkeji-us | A27N5V81XH3HVL |
| 149 | ZDH-US | A1EOHZ50K3XMO4 |
| 150 | Zekory | A2D89F7ZNDWKOP |
| 151 | Zhuanglian | ANW4VA4XPDKN2 |
| 152 | ZMAZD-US | A977WDJX2ZL6U |
| 153 | ZUUEE-direct | A34YU5J6GSIYFJ |