IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROMIER PRODUCTS INC.*,* <br><br> Plaintiff, <br><br> vs. <br><br> GEAROZ, *et al.*, <br><br> Defendants. | Civil Action No. 25-cv-497 <br><br> Judge Colville |

**RESPONSE TO ORDER TO SHOW CAUSE**

In its July 8, 2025 Memorandum Order of Court, the Court ordered the plaintiff, Promier Products Inc. ("Promier Products") to show cause why the case should not be severed or dismissed for misjoinder and/or lack of personal jurisdiction or, in the alternative, to file an amended complaint to cure those deficiencies. (ECF No. 86 ("Memorandum Order")). The date for doing so was extended to today. (ECF No. 92). Pursuant to that Memorandum Order, Promier Products is, contemporaneously with this response, filing an amended complaint. This response provides a brief explanation as to the changes in the amended complaint designed to address issues the Court raised in its Memorandum Order.

With respect to joinder, the Court cites an Illinois district court opinion for the proposition that "simply committing the same type of violation in the same way does not link defendants together for the purposes of joinder." Memorandum Order at 11. To address that concern, Promier Products has added Count III, a civil conspiracy count, alleging upon information and belief that the defendants engaged in "a concerted and collaborated effort to

1

maintain the distribution, marketing, advertising, shipping, and sale of falsely advertised products."

The Court states that it is "on this record, unconvinced that there is a connection between the Defendants, let alone one that is shared by all of them." Memorandum Opinion at 12. Promier Products understands that the record is not developed on this issue but, as contemplated by Rule 11, reasonably believes that it will be able to develop evidence to support this allegation once it is able to conduct discovery.

The Court also acknowledged that Rule 20 is, at its heart, designed to advance "the interests of judicial economy." *Id.* Promier Products submits that allowing it, in the first instance, to join these defendants based upon allegations "on information and belief" advances that goal. In this case, 76 of the 153 defendants have not bothered to attempt to defend their infringing conduct. As to those defendants, it is plainly more economic to join them in a single action rather than 76 identical actions. Furthermore, Promier Products has settled with 12 defendants, again making joinder economic for the parties and the court. Finally, as to the remaining 65 defendants, they have organized into three groups with each group having engaged joint counsel, again making joinder economical. Accordingly, Promier Products respectfully submits that allowing joinder in the first instance advances the policies behind Rule 20, and the Court can sever the case as appropriate once Promier Product has conducted discovery to determine the full extent of collaboration among the defendants. This approach is consistent with *Viahart, L.L.C. v. GangPeng*, 2022 WL 445161 (5th Cir. 2022), where the Fifth Circuit held there was no basis for misjoinder in an online counterfeiting case with 50 defendants because the operative complaint alleged "the defendants all worked together as an 'interrelated group' to knowingly sell the counterfeit products." *Id.* at *4.

With respect to personal jurisdiction, the Memorandum Order states that merely offering an infringing product for sale on an interactive website is not sufficient to support personal jurisdiction and deems the complaint ambiguous as to the allegations of actual sales into Pennsylvania. *Id.* at 6–10. Promier Products addresses these concerns in paragraphs 5–6 of the amended complaint. The amended complaint now explicitly alleges that one of Promier Products's representatives purchased an infringing product from each defendant and that each defendant shipped the infringing product to the representative in Pennsylvania and collected Pennsylvania sales tax. The amended complaint further alleges that, upon information and belief, each defendant made additional sales of infringing products into Pennsylvania.

Promier Products makes its allegations of additional sales upon information and belief because, prior to conducting discovery, Promier Products has no access to the defendants' sales data. In *Herbal Brands, Inc. v. Photoplaza, Inc.*, 72 F.4th 1085, 1089 (9th Cir. 2023), the Ninth Circuit recognized the need for such allegations to be upon information and belief in situations like this, basing its finding of personal jurisdiction on the plaintiff's allegation that "Defendants sold products to Arizona residents "through the regular course of business," but, without access to Defendants' sales data, Plaintiff is unable to allege the exact number of sales made to Arizona customers." A requirement that the plaintiff have evidence of actual sales outside of test buys would create an impossible barrier to enforcing intellectual property rights in cases like this, immunizing infringers from personal jurisdiction because they keep their sales records shielded from public scrutiny.[1]

---

[1] Promier Products disagrees with the Court's statement that test buys made on behalf of the plaintiff are not sufficient to support personal jurisdiction. *See, e.g., NBA Properties, Inc. v. HANWJH,* 46 F.4th 614 (7th Cir. 2022) (holding single test buy by plaintiff's counsel is a sufficient basis for jurisdiction). However, Promier Products drafted its amended complaint to address the Court's concerns, not to attempt to have the Court reconsider its position.

Finally, Promier Products notes that its civil conspiracy claim means that the Pennsylvania contacts of each defendant are imputed to every other defendant because, upon information and belief, each defendant was aware of, or should have been aware of, the actions of the other co-conspirators. Thus, if even one defendant made sales into Pennsylvania, if there is a defendant who did not make sales into Pennsylvania, that defendant would nonetheless be subject to personal jurisdiction here. *See Goodson v. Maggi,* 797 F. Supp. 2d 604, 621 (W.D. Pa. 2011).

Accordingly, Promier Products respectfully submits that its amended complaint establishes personal jurisdiction over the defendants and complies with Rule 20.

                                                                                   Respectfully submitted,

Dated: August 12, 2025                    /s/ Stanley D. Ference III
                                                 Stanley D. Ference III
                                                 Pa. ID No. 59899
                                                 courts@ferencelaw.com

                                                 FERENCE & ASSOCIATES LLC
                                                 409 Broad Street
                                                 Pittsburgh, Pennsylvania 15143
                                                 (412) 741-8400 – Telephone
                                                 (412) 741-9292 – Facsimile

                                                 Attorneys for Plaintiff