IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA

| | |
|---|---|
| PROMIER PRODUCTS INC., | |
| Plaintiff, | Civil Action No. 25-cv-497 |
| v. | (Judge Colville) |
| GEAROZ, *et al.*, | |
| Defendants. | |

**PLAINTIFF'S MOTION TO STAY BRIEFING ON DEFENDANTS' MOTION TO DISMISS [102] AND TO CONDUCT EARLY ADR, OR ALTERNATIVELY TO CONDUCT JURISDICTIONAL DISCOVERY**

This action arises out of Defendants' false advertisement of the characteristics and/or qualities of the flashlights being advertised, offered for sale, sold, and/or distributed by Defendants. Eight defendants[1] represented by the same attorney (collectively "the Moving Defendants") who have been falsely advertising the lumen output of their flashlights sold on Amazon filed a motion to dismiss the Amended Complaint [ECF No. 102] which asks the court to dismiss the action for lack of personal jurisdiction, misjoinder, and failure to state a claim. The entire motion is less than six pages long and is almost entirely devoid of legal authority. Plaintiff respectfully moves for an order to stay briefing on the Moving Defendants' motion and requiring Plaintiff and Moving Defendant to conduct early alternative dispute resolution, or alternatively, granting Plaintiff leave to conduct jurisdictional discovery.

Rule 1 of the Federal Rules of Civil Procedure provides that the rules "should be construed, administered, and employed by the court and the parties to secure the just, speedy, and inexpensive

---

[1] CR outdoor lighting (Def. No. 33); Ewenele (Def. No. 45); Minsk Store (Def. No. 86); OLDBER Prime goods (Def. No. 97); PHLIPESAM (Def. No. 101; SIUYIU-US (Def. No. 114; Trixhub (Def. No. 127); and Uhanciny (Def. No. 128).

determination of every action and proceeding." Consistent with this mandate, this District has adopted Local Civil Rule 16.2 which requires mandatory ADR to "to provide quicker, less expensive and potentially more satisfying alternatives to continuing litigation without impairing the quality of justice or the right to trial." *Id.* The timing of the ADR process, however, is tied to the parties' Rule 26(f) conference. This Court's Alternative Dispute Resolution Policies and Procedures also provide that "[a]ppropriate civil cases may be referred to mediation by order of the assigned Judicial Officer." *Policies and Procedures*, III. B. (Eligible Cases). Early ADR appears to be contemplated, as the parties are to choose a mediator "**[n]o later** than the Initial Case Management conference." *Id*. at III. C (emphasis added).

No funds currently held in Moving Defendants' Amazon accounts are restrained. Given the limited amount of recoverable assets of Moving Defendants in the United States, the parties would likely expend more on briefing Moving Defendants' motion to dismiss than would likely be recoverable and this is a dispute that should be resolved without protracted litigation or the wasting of judicial resources. To fulfill the objective of the Federal and Local Rules, Plaintiff moves for an order staying briefing of the motion to dismiss and requiring Plaintiff and Moving Defendants to engage in early ADR (a referral to mediation as contemplated by this district's *ADR Policies and Procedures*). Should the parties be unable to reach resolution through ADR, Plaintiff would then proceed with the jurisdictional discovery requested below.

In addition to citing almost no legal authority, Moving Defendants' motion to dismiss seems to primarily rely on Moving Defendants' assertion that Plaintiff's purchases of falsely advertised product are the only sales the Moving Defendants have made into Pennsylvania. That, however, is something neither Plaintiff nor the Court should be required to accept prior to any discovery. Moving Defendants would have access to their own sales records and to confirming evidence from Amazon, yet chose to submit no such evidence. Although Amazon has not provided

a breakdown of sales into Pennsylvania, the information Amazon has provided shows Moving Defendants have sold over 100,000 units of falsely advertised flashlights and have received in excess of $3.2 million in revenue. *Declaration of Stanley D. Ference III* at ¶ 2 (submitted herewith). Given that Pennsylvania is the fifth most populous state in the United States (*see* https://en.wikipedia.org/wiki/List_of_U.S._states_and_territories_by_population, last visited Sept. 9, 2025), it is reasonable to assume Moving Defendants have sold products into Pennsylvania.

The Third Circuit has held that courts "are to assist the plaintiff by allowing jurisdictional discovery unless the plaintiff's [jurisdictional] claim is 'clearly frivolous.'" *Toys "R" Us, Inc. v. Step Two, S.A.*, 318 F.3d 446, 456 (3d Cir. 2003) (reversed the lower court's denial of plaintiff's request for jurisdictional discovery); *see also Murphy v. Humboldt Clothing Co., Inc.*, No. 1:20-cv-58-SPB, 2021 WL 307541, *6 (W.D. Pa. Jan. 29, 2021); *In re Diisocyanates Antitrust Litig.*, MDL No. 2862, Misc. No. 18-1001 (W.D. Pa. Mar. 9, 2020) (granting plaintiff's request to conduct jurisdictional discovery where plaintiff demonstrated the possible existence of requisite contacts). Where a plaintiff presents factual allegations with "reasonable particularity" suggesting potential minimum contacts between the defendant and the forum state, the plaintiff's "right to conduct jurisdictional discovery should be maintained." *Toys "R" Us, Inc.,* 318 F.3d at 456; *see also Zinkia Entm't. v. The Partnerships*, 1:21-cv-00916, Dkt. No. 65 (N.D. Ill. June 1, 2021) ("Zinkia also makes the sensible point that Defendants submitted several new affidavits as part of the Motion to Dismiss briefing (DKTs. ##51-55) that Zinkia should have the opportunity to test via jurisdictional discovery"); *Diamond Servs. Mgmt. Co., LLC v. C&C Jewelry Mfg.*, Inc., 19 C 7675, 2021 WL 2433653, at *3 (N.D. Ill. June 15, 2021) ("The two affidavits… raise a few questions…[about] what [the defendant] did or did not do. But the Court considers these subject matters as ripe for

jurisdictional discovery."); *Hamann GmbH v. The P'Ships, et al.*, No. 21-cv-03591, Dkt. No. 53 (N.D. Ill. Oct. 8, 2021) (permitting discovery to test defendant's jurisdictional evidence).

Accordingly, in the event that the Court declines to order early ADR or that the ADR is unsuccessful, Plaintiff seeks a stay of Defendants' motion to dismiss and leave to conduct targeted discovery concerning: (1) the true entities behind Moving Defendants' Amazon storefronts, (2) the true extent of Moving Defendants' contacts with Pennsylvania; (3) Moving Defendants' sales activity and fulfillment practices; and (4) the scope of Moving Defendants' false advertising.

Plaintiff seeks only limited, targeted jurisdictional discovery necessary to respond to the contested factual assertions raised in Moving Defendants' motion to dismiss. Plaintiff intends to serve narrowly tailored interrogatories and requests for production on Moving Defendants concerning Moving Defendants' identity and business operation, U.S. and Pennsylvania-directed sales, fulfillment methods, and targeting practices. Plaintiff also seeks leave to issue Rule 30(b)(6) deposition notices to Moving Defendants regarding their corporate structure, the technical operation of their Amazon storefronts, and the basis of their assertion that Plaintiff has failed to state a claim. This discovery will ensure the Court has a complete and accurate record before ruling on a motion with potentially dispositive consequences. This information is uniquely within Moving Defendants' possession and control and is essential to resolving disputed factual issues bearing directly on the motion to dismiss.

## CONCLUSION

For the foregoing reasons, Plaintiff respectfully requests that the Court stay briefing on Moving Defendants' motion to dismiss, order the parties to conduct early ADR, and grant Plaintiff leave to conduct limited, targeted discovery to resolve the disputed factual issues.

A proposed order granting the relief sought is submitted herewith.

                                                        Respectfully submitted,

Dated: September 9, 2025             /s/ Stanley D. Ference III
                                                     Stanley D. Ference III
                                                     Pa. ID No. 59899
                                                     courts@ferencelaw.com

                                                     FERENCE & ASSOCIATES LLC
                                                     409 Broad Street
                                                     Pittsburgh, Pennsylvania 15143
                                                     (412) 741-8400 - Telephone
                                                     (412) 741-9292 - Facsimile

                                                     Attorneys for Plaintiff